143 So.2d 901 (1962)
Cynthia SCHWARTZ, Appellant,
v.
Arnold M. SCHWARTZ, Appellee.
No. 2882.
District Court of Appeal of Florida. Second District.
August 17, 1962.
Rehearing Denied September 11, 1962.
Edward R. Kirkland, Orlando, for appellant.
Sam E. Murrell & Sons, Orlando, for appellee.
ELMORE, FRANK H., Associate Judge.
Cynthia Schwartz, appellant, petitioner below, a resident of Jamaica, New York, and Arnold M. Schwartz, appellee, respondent *902 below, now a resident of Orange County, Florida, were married in 1952 in the State of New York. There was one child of this marriage, Ned Elliott Schwartz, born November 19, 1955. On November 30, 1960 Cynthia Schwartz and Arnold M. Schwartz executed a separation agreement by which they were to live apart from one another, the custody of Ned Elliott Schwartz to be vested in his mother, Cynthia Schwartz.
Shortly thereafter, December 15, 1960, Cynthia Schwartz obtained a final decree of divorce from Arnold M. Schwartz in the State of Chihuahua, Mexico, which incorporated the separation agreement, including the custody of the child. In May, 1961, Cynthia Schwartz assented to the request of Arnold M. Schwartz that the child spend the summer with him in Orlando, Orange County, Florida. Thereafter, Arnold M. Schwartz refused to return the child to his mother and on September 14, 1961, she filed a petition for a writ of habeas corpus, which was issued. Issue was joined on the writ and the return of the respondent and hearing was held on September 14, 1961. The Circuit Judge then entered an order denying the petition and quashing the writ, and remanding the minor child to the custody of the respondent. This appeal is from that order.
The sole question before us is whether or not the Circuit Judge was in error in quashing the writ of habeas corpus and remanding the custody of the child to the father.
In considering this question, we must first decide what force and effect the Mexican divorce decree may have upon it. In Pawley v. Pawley, Fla. 1950, 46 So.2d 464, 28 A.L.R.2d 1358, the Court held that to actuate the doctrine of judicial comity a foreign judgment must partake of the elements which would support it if procured in this country, such as grounds and domicile. This record does not disclose any proof of the elements of the decree that would entitle it to judicial comity. The full faith and credit clause does not apply to this Mexican divorce decree. This leaves remaining only the separation agreement, which was admitted into evidence.
Having so concluded, we now discuss whether or not the Circuit Judge abused his judicial discretion in discharging the writ and remanding the custody of the child to the father. The law is well established that judicial discretion in such cases is subject to judicial review. The primary consideration in this as in all actions about the custody of minor children is the welfare of the child. The evidence discloses that the father has remarried and that the surroundings of the home maintained by him and his second wife are satisfactory. But there is no showing that the mother of the child is unfit. Her custody of the child was agreed upon between her and the father of the child before he acquired a new wife after the entry of the Mexican divorce decree. Indeed, the Circuit Judge found that the mother was more temperamentally fit than the father and that she seemed to be a very good mother. We quote from the transcript of the testimony taken at the hearing the verbatim language of the Judge in announcing his decision:
"JUDGE McDONALD: Solomon was faced with the same problem. Nobody wants his solution, but sometimes, whatever you do, you accomplish that, indirectly.
"It is not an easy decision for me to make, and my observations indicate to me in so far as the hearing here today, the mother is more tempermentally fit than the father, but I understand the circumstances and problems and the environment, and they have all come into my decision also.
"I am of the opinion that the child should be with its mother, but on the other hand, I think a child in the city of New York needs close supervision that only a father can give. These are thoughts that have been crossing my mind. I am concerned with the fact of a new family, but on the other hand *903 she seems to be a very good mother. I think all of you understand the problem I am faced with, but I am going to quash the writ and leave the child here in Florida. I am sorry, but that is my decision."
The only words uttered by the Circuit Judge as a basis for deciding to remand the custody of the child to his father are these "I think a child in the City of New York needs close supervision that only a father can give." Patently, that is an insufficient ground for disturbing the custody agreed upon by the parties before the father remarried.
The judgment of the Circuit Court is reversed with direction to reinstate the writ of habeas corpus and to award the custody of the minor child to his mother, Cynthia Schwartz.
Reversed.
SHANNON, C.J., and SMITH, J., concur.